# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1878.

## THE CITY OF CARLINVILLE
### v.
## FERDINAND TAGGART.

MUNICIPAL TAXES—COLLECTION—UNCONSTITUTIONALITY OF ACT.—The act in regard to the assessment of property, and the levy and collection of taxes by incorporated cities, approved April 15, 1873, in force July 1, 1873, is unconstitutional and the collection of a tax under it cannot be enforced.

APPEAL from the Circuit Court of Macoupin county; the Hon. C. S. ZANE, Judge, presiding.

Messrs. S. S. & E. A. GILBERT, for appellant; that debt or assumpsit will lie for taxes, cited Town of Geneva v. Cole, 61 Ill. 397; Dunlap v. County of Gallatin, 15 Ill. 7; Dillon on Municipal Corporations, 750; Ryan v. Gallatin county, 14 Ill. 78.

The county board may institute suit for taxes due on forfeited property: Rev. Stat. 1874, 896, § 230.

Upon the rule of construction of statutes: Zarresseler v. The People, 17 Ill. 104; Bruce v. Schuyler et al. 4 Gilm. 221; Tyson v. Postlewaite, 13 Ill. 728; Chicago v. Quimby, 38 Ill. 274; Card v. McCaleb, 69 Ill. 314.

The remedies given by statute for the collection of taxes are only cumulative: Dugan v. Baltimore, 1 Gill. & J. 383.

The act authorizing the disconnection of territory from any city, is unconstitutional, and the fact that appellee's land was disconnected from the city under that act, is no defense in this case: City of Galesburg v. Hawkinson et al. 75 Ill. 152.

The decree of court authorizing such disconnection being void, may be attacked collaterally: White v. Jones et'al. 38 Ill. 160; Campbell v. McCahan et al. 41 Ill. 46; Huls v. Buntin, 47 Ill. 396.

Mr. HORACE GWIN and Mr. C. A. WALKER, for appellee; that there must be a valuation of the property in order to create a valid assessment and levy of taxes, cited Constitution, Art. 9; Lebanon et al v. O. & M. Ry. Co. 77 Ill. 539.

The evidence should show that the land taxed was within the corporate limits of the city: Cooley on Taxation, 15; Rev. Stat. 1867, 479; Dillon on Municipal Corporations, § 124; Greenleaf on Ev. 8.

It must be shown that the tax was levied by the city council: Laws 1873, 51; Cooley on Taxation, 257.

The tax should have been demanded before suit brought: Thomson v. Gardner, 10 Johns. 404; St. Anthony v. Greely, 11 Minn. 321.

The statute of 1874 has overruled or modified the prior decisions of the Supreme Court, relative to proceedings for collection of the revenue: Chiniquy v. The People, 78 Ill. 570.

Taxes are not debts, and statutory remedies only can be resorted to for their collection: Cooley on Taxation, 300.

HIGBEE, P. J. This was an action of debt commenced before a justice of the peace of Macoupin county, by the city of Carlinville, to recover from appellee a tax assessed against his land in his said city for the year 1873. After a trial before the justice of the peace, an appeal was taken to the Circuit Court of said county, where a judgment was rendered against the city, from which an appeal is taken to this Court.

We do not deem it necessary to decide upon the various errors

assigned and discussed in the briefs in this case. The suit is brought to recover city taxes assessed, levied and attempted to be collected by the officers of the city under an ordinance passed in July, 1873, in pursuance of an act entitled "An act in regard to the assessment of property and the levy and collection of taxes by incorporated cities in the State," approved April 15, 1873, and in force July 1, 1873, known as the "City Tax Act."

The Supreme Court of this State, in the case of the People ex rel. v. Cooper, 83 Ill. 585, held this law to be unconstitutional and void, and that the collection of a tax levied under it by the city officers could not be enforced by law.

Since this decision of the Supreme Court the legislature has passed an act intended to enable cities to collect the tax of 1873, entitled "An act in regard to the assessment, levy and collection of the taxes of incorporated cities in this State for years prior to the year 1877." Approved May 5, 1877. See Session Laws 1877, p. 56. This act fully recognizes the invalidity of "the City Tax Act," and provides a new mode for the levy and collection of city taxes for said year.

The tax sought to be recovered in this suit having been levied without authority of law, cannot be collected by suit.

Judgment affirmed.